UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X

RUN GUO ZHANG and YONG JUN LI,

                Plaintiffs,

-v-

LIN KUMO JAPANESE RESTAURANT INC., et al.,

                Defendants.

-----------------------------------------------------------------X

13 Civ. 6667 (PAE)

OPINION & ORDER

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 8/31/15

PAUL A. ENGELMAYER, District Judge:

On June 29, 2015, the parties submitted to the Court an application for approval of a proposed Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq.*, settlement agreement ("Agreement") in this matter. Dkt. 50. On July 9, 2015, the Court declined to approve the Agreement because (1) the Agreement had a confidentiality provision; (2) the parties failed to provide the Court with enough information about the *bona fides* of the dispute to determine whether the settlement amount was fair and reasonable; and (3) plaintiffs' counsel failed to submit any documentation to support their request for attorneys' fees. Dkt. 51. In the July 9 Order, the Court directed the parties to either (1) submit a revised agreement without a confidentiality provision, and accompanied by a joint letter that explained the *bona fides* of the dispute and plaintiffs' counsel's contemporaneous time records; or (2) file a joint letter, indicating their intention to abandon the settlement and to continue litigating this matter.

On July 15, 2015, the parties submitted a revised settlement agreement ("Revised Agreement"), a joint letter, and plaintiffs' counsel's billing records. Dkt. 52. Having reviewed the parties' letter and the Revised Agreement, the Court finds that the settlement is fair and

reasonable, given both the nature and scope of the plaintiffs' claims as well as the risks and expenses involved in additional litigation. *See Cheeks v. Freeport Pancake House, Inc.*, No. 14-299-cv, 2015 WL 4664283, at *6 (2d Cir. Aug. 7, 2105); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012); *see also Zhang v. Lin Kumo Japanese Restaurant Inc.*, 13 Civ. 6667 (PAE), Dkt. 51, at 2–3 (S.D.N.Y. July 9, 2015).

Plaintiffs' counsel also seeks the Court's approval to allocate $14,400 (or 40%) of the settlement to attorneys' fees and costs. As to costs, plaintiffs' counsel seeks $1,483.05 in costs, which it incurred for filing fees, proof of service, court reporter services, and interpreter costs. The Court finds these costs reasonable, *see Collado v. Donnycarney Rest. L.L.C.*, No. 14 Civ. 3899 (GBD) (HBP), 2015 WL 4737917, at *14 (S.D.N.Y. Aug. 10, 2015) (collecting cases), and therefore grants this request.

The balance of plaintiffs' counsel request, *i.e.*, for $12,916.95, is for attorneys' fees. This figure represents 37% of the settlement, net of costs.[1] Under the FLSA, "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). "In any civil action by an employee . . . , the employee . . . shall have the right to collect attorneys' fees and costs incurred in enforcing any court judgment." N.Y. Lab. Law § 663(1). "Where plaintiffs obtain a favorable settlement in an action brought pursuant to the FLSA, they constitute prevailing parties and are entitled to attorney's fees." *Andrews v. City of New York*, No. 10 Civ. 2426 (SHS), 2015 WL 4622489, at *2 (S.D.N.Y. Aug. 3, 2015); *see also Kahlil v. Original Old Homestead Rest., Inc.*, 657 F. Supp. 2d 470, 474 (S.D.N.Y. 2009) ("The fact that [plaintiffs]

---

[1] The Court's view is that attorneys' fees, when awarded on a percentage basis, are to be awarded based on the settlement net of costs. *See, e.g.*, *In re Giant Interactive Grp., Inc. Sec. Litig.*, 279 F.R.D. 151, 166 (S.D.N.Y. 2011).

prevailed through a settlement rather than through litigation does not weaken [plaintiffs'] claim to fees.") (quoting *Maher v. Gagne*, 448 U.S. 122, 129 (1980)).

To determine the reasonable fee, courts calculate "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—which creates a presumptively reasonable fee." *Stancyzk v. City of New York*, 752 F.3d 273, 284 (2d Cir. 2014) (internal citation, alterations, and quotation marks omitted). In evaluating the requested attorneys' fees, the Court must consider: "(1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the level of skill required to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the attorney's customary hourly rate; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved in the case and the results obtained; (9) the experience, reputation and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; . . . (12) awards in similar cases;" and the fact that "a reasonable, paying client wishes to spend the minimum necessary to litigate the case effectively." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany*, 522 F.3d 182, 186 n.3, 190 (2d Cir. 2008).

Plaintiffs' counsel has provided contemporaneous time records kept by the law firm, *see* Dkt. 52, Ex. E ("Billing Records"), and the following chart states the amount of time they put into this case and their claimed rates:

| Individual | Hours | Rate | Total |
| --- | --- | --- | --- |
| John Troy | 55.8 | $450 | $25,110 |
| Raakib Bhuiyan | 0.35 | $150 | $52.50 |

| Mari Bridgman | 22.1 | $250 | $5,525 |
|---|---|---|---|
| Bianca Dano | 0.4 | $200 | $80 |
| Ben Federici | 10.35 | $250 | $2,587.50 |
| Evan Zhang | 13.5 | $200[2] | $2,075 |
| **TOTAL** | 102.5 | | $35,430 |

Plaintiffs' counsel notes that their request, a combined $14,400 in fees and costs, is well below the resulting lodestar of $35,430. Dkt. 52, at 5. Plaintiffs' counsel states that this requested amount—totalling 40% of the overall settlement[3]—is (1) "consistent with the retainer agreements agreed to and signed by Plaintiffs, which provide that Plaintiffs' counsel could recover forty percent of any settlement in addition to costs," and (2) consistent with the Revised Agreement, which "provides that Plaintiffs' counsel will receive $14,400 as attorneys' fees, inclusive of costs and expenses." *Id.* In fact, the Court notes that nowhere in the Revised Agreement does it so state. Regardless, as part of assessing the reasonableness of plaintiffs' counsel's fee request, the Court must independently assess whether the lodestar figure of $35,430, as calculated by counsel, is reasonable. Upon careful review, including of plaintiffs' counsel's billing records, the Court rejects that lodestar calculation, for several reasons.

---

[2] Zhang billed at the rate of $200 per hour for drafting the proposed approval of settlement agreement, but billed at the rate of $150 for serving as a translator during both a deposition and a settlement conference with the Hon. James C. Francis IV.

[3] Plaintiffs' counsel are thus requesting attorneys' fees calculated by the percentage method, which "involves setting some percentage of the recovery as the fee." *McDaniel v. Cty. of Schenectady*, 595 F.3d 411, 414 (2d Cir. 2010) (internal quotation marks and citation omitted).

First, more than half of the attorney hours were worked by partner John Troy, who reports his hourly rate as $450. However, a close review of the tasks that Mr. Troy performed reveals that much and perhaps most of this work could have been performed by junior associates. Mr. Troy's timesheets include not only partner-level work, such as leading settlement negotiations, taking the deposition of the individual defendant De Shu Lin, and attending an initial pretrial conference, but also associate-level work, such as preparing letters to the Court, reviewing simple orders from the Court (such as an order of reference for settlement before Judge Francis), and reviewing the Court's Individual Practices. Although Mr. Troy is at liberty to decide how to use his time and manage his cases, it is not appropriate, for purposes of gauging the reasonable fee award, to assign partner-level billing rates to tasks that a first- or second-year associate could easily perform. Indeed, several associates elsewhere are reflected as having performed similar tasks. Based on careful consideration of Mr. Troy's billing records and the nature of the work described therein, the Court estimates that about half of his hours should have been billed at the associate rate.

Second, Mr. Troy's reported billing rate of $450 per hour is higher than the norm; in this District, for wage-and-hour cases, partners typically command between $300 and $400 per hour. *Trinidad v. Pret a Manger (USA) Ltd.*, No. 12 Civ. 6094 (PAE), 2014 WL 4670870, at *9 (S.D.N.Y. Sept. 19, 2014) (collecting cases). Nor has Mr. Troy historically been awarded such an hourly rate. The Court has surveyed all FLSA cases in this District in which Mr. Troy has served as counsel; aside from a default judgment award,[4] Mr. Troy, according to the public docket, does not appear ever to have been awarded $450 per hour in any FLSA cases in which he has served as plaintiff's counsel. On the contrary, in a recent FLSA case, *Hui Luo v. L & S*

---

[4] *Chen v. Mee Noodle Shop & Grill Inc.*, No. 14 Civ. 3963 (AJN), Dkt. 22 (S.D.N.Y. Dec. 12, 2014) (awarding $9,185 of attorneys' fees, with Mr. Troy billing $400 and $450 per hour)

5

*Acupuncture, P.C.*, Judge Cogan found unjustified Mr. Troy's claimed rate of $350 per hour. No. 14 Civ. 1003 (BMC), 2015 WL 1954468, at *1 (E.D.N.Y. Apr. 29, 2015). Judge Cogan stated that he "[could] not justify a rate in excess of $300 per hour for Mr. Troy," who has been practicing law since 1989 but has been litigating wage-and-hour cases since 2009. *Id.* at *2. In light of this District's prevailing rates for partners in wage-and-hour cases, Judge Cogan's assessment, and the Court's assessment that Mr. Troy's work in this unexceptional case was within the mainstream of legal work in such cases, the Court's judgment is that Mr. Troy's partner-level work should be valued, for lodestar-calculation purposes, at $300 per hour.

Third, several billing entries by associates are vague, duplicative, or do not describe legal work. First, associate Evan Zhang billed 12 hours for translating a deposition and a settlement conference. Translation, however, is not legal work, and so the Court declines to award attorneys' fees for those hours. *See Ortiz v. Chop't Creative Salad Co. LLC*, No. 13 Civ. 2541 (KNF), 2015 WL 778072, at *16 (S.D.N.Y. Jan. 16, 2015) (declining to award attorneys' fees for time expended performing translation). Second, associate Raakib Bhuiyan billed 0.35 hours for attending two settlement conferences with Mr. Troy and opposing counsel. Plaintiffs' counsel does not state why Mr. Bhuiyan's presence alongside Mr. Troy at those particular conferences was necessary; therefore, the Court declines to award attorneys' fees for that billed time. Third, associate Ben Federici billed 0.30 hours for "[r]eceived and responded to email." Because of the vagueness of this entry, the Court also deducts this time from plaintiffs' counsel's lodestar calculation.

Finally, the billing rates the associates in the case request are in excess of what is generally awarded in this District. FLSA litigators who have more than three years of experience have been awarded rates in excess of $225 per hour. *See Gonzalez v. Scalinatella, Inc.*, No. 13

Civ. 3629 (PKC) (MHD), 2015 WL 3757069, at *21 (S.D.N.Y. June 12, 2015) (collecting cases).  Although plaintiffs' counsel did not provide any information regarding the associates' years of experience litigating FLSA cases, Judge Cogan, in *Hui Luo*, noted that almost all of the associates in that case, which included Mr. Federici and Mr. Bhuiyan,[5] were admitted to the bar in 2014.  2015 WL 1954468, at *2; *see also Gonzalez*, 2015 WL 3757069, at *21 (noting that when plaintiffs' counsel has failed to submit information regarding the backgrounds of the relevant attorneys, courts "are in no position to determine whether, and to what degree, the unique skills or experience of an attorney . . . weighs in favor of deviating from the norms governing reasonable rates").  Thus, because of his limited experience litigating FLSA cases, Judge Cogan reduced Mr. Federici's rate to $175 per hour, and similarly reduced to that rate the rates of other associates who billed in excess of $175 per hour.  The Court similarly treats the appropriate rate for the associates here, for lodestar purposes, as $175 per hour.

      Based on all of these considerations, the Court calculates a lodestar figure of $16,748.75.  That is in excess of the $12,916.95 requested by plaintiffs' counsel for attorneys' fees, and reflects a lodestar multiplier of 0.77.  Ordinarily, the Court would approve such a fee.  However, the fee requested here represents 37% of the net settlement fund.  Except in extraordinary cases, courts in this District have declined to award fees representing more than one-third of the total settlement amount.  *See, e.g.*, *Trinidad*, 2014 WL 4670870, at *11–12 (noting that "awarding fees of 33% is common in this district" and awarding 25% of the net settlement amount); *Spicer v. Pier Sixty LLC*, No. 08 Civ. 10240 (PAE), 2012 WL 4364503, at *4 (S.D.N.Y. Sept. 14, 2012) (awarding plaintiffs' counsel one-third of the net settlement amount); *deMunecas v. Bold Food, LLC*, No. 09 Civ. 440 (DAB), 2010 WL 3322580, at *9 (S.D.N.Y. Aug. 23, 2010) (collecting

---

[5] Ms. Dano, according to the *Hui Luo* opinion, is the one exception; she is not admitted in New York, but was admitted in California in 2013.  2015 WL 1954468, at *2.

7

cases). This Court, too, strongly believes that, barring unusual circumstances not present here, a fee in excess of one-third of the settlement amount disserves the FLSA's important interest in fairly compensating injured plaintiffs. Therefore, the Court grants plaintiffs' counsel a fee award of 33% of the net settlement, not the requested 37%. This results in a fee award of $11,505.65.

For the reasons explained above, the Court approves the settlement. Plaintiffs' counsel is to receive $12,988.70 of the settlement amount, with $11,505.65 allocated to attorneys' fees and $1,483.05 to costs, and the balance to go to plaintiffs. The Court thereby dismisses this case with prejudice. The Clerk of Court is respectfully directed to close this case.

SO ORDERED.

*Paul A. Engelmayer*
Paul A. Engelmayer
United States District Judge

Dated: August 31, 2015
New York, New York